**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-02812-NYW

LUIS PARADA RAMOS,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
DAVID VENTURELLA, in his official capacity, and
TODD BLANCHE, in his official capacity,

      Respondents.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus (the "Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 10], and Petitioner has replied, [Doc. 11]. For the reasons set forth in this Order, the Petition is **GRANTED in part**.

**BACKGROUND**

Petitioner Luis Parada Ramos ("Petitioner" or "Mr. Parada Ramos") is a noncitizen who entered the United States in 2022. [Doc. 1 at ¶ 39; Doc. 11 at 2]. He was initially detained upon his entry into the United States but was then released and placed in ICE's Alternatives to Detention program. [Doc. 1 at ¶ 3; Doc. 11 at 2; Doc. 4-2]. ICE also initiated removal proceedings against him, charging him as removable for having entered without inspection or admission. [Doc. 1 at ¶ 4]. In May of 2026, ICE detained Mr. Parada Ramos, and he continues to be detained at the Denver Contract Detention Facility in

Aurora, Colorado.  [*Id.* at ¶¶ 1, 6, 39].  Respondents detained Mr. Parada Ramos subject to 8 U.S.C. § 1225(b)(2), and therefore he has not received a bond hearing.  [*Id.* at ¶¶ 1, 40].

Mr. Parada Ramos asserts seven claims for relief:  (1) violation of 8 U.S.C. § 1226(a); (2) violation of INA bond regulations, 8 C.F.R §§ 236.1, 1236.1, and 1003.19; (3) violation of the Administrative Procedure Act, 5 U.S.C. § 706(2); (4) violation of his Fifth Amendment due process rights; (5) violation of his substantive due process rights; (6) violation of his Fifth Amendment procedural due process rights; and (7) violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).  [*Id.* at ¶¶ 47–74].  He requests that the Court order Respondents to immediately release him from custody and enjoin ICE from imposing additional restraints on liberty, or alternatively schedule a bond hearing before an immigration judge where the Government bears the burden of justifying his continued detention by clear and convincing evidence.  [*Id.* at 22–23].  He also requests attorney fees and costs under the Equal Access to Justice Act.  [*Id.* at 23].

This matter is fully briefed and ripe for disposition.  No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a

person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Mr. Parada Ramos's claims primarily turns on whether his detention is governed by § 1225(b)(2)(A), such that he is not entitled to a bond hearing, or by § 1226(a).  *See* [Doc. 1 at ¶ 19 ("[T]his case concerns the discretionary detention provision at 8 U.S.C. § 1226(a) and Respondents' erroneous assertion that mandatory detention pursuant to § 1225(b) applies"); *id.* at ¶ 36 (arguing that "§ 1226 applies to noncitizens like Mr. Parada Ramos who are present without inspection"); *id.* at ¶ 46 ("[Respondents'] authority to jail Mr. Parada Ramos is pursuant to § 1226(a) and its refusal to offer him a custody hearing is unlawful.")].  The Court summarizes the statutory framework before turning to Petitioner's arguments.

### I.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal.  *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).  Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303).  This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here.  *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–

(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)).  Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297.  This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).[1]  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

The Tenth Circuit has explained that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, 180 F. 4th 1226, 1239 (10th Cir. 2026).  "Since § 1225(b)(2)(A)

---

[1] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Mr. Parada Ramos is detained pursuant to § 1225(b)(1), *see* [Doc. 10], so the Court does not substantively address detention under this subsection.

4

applies only to those seeking admission," the Tenth Circuit has concluded that "§ 1225(b)(2)(A)'s application is limited to the border." *Id*. Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.    Section 1226(a) Applies to Petitioner

Petitioner argues that his detention is governed by § 1226(a). [Doc. 1 at ¶¶ 19, 36, 46]. Respondents do not contest this assertion in their Response, *see* [Doc. 10], presumably because the Tenth Circuit's decision in *Santillan Quiroz* makes clear that § 1226(a) governs the detention of noncitizens, like Petitioner, who were taken into custody years after they entered the United States. In *Santillan Quiroz*, the Tenth Circuit reversed the denial of a similar habeas petition filed by a noncitizen who had resided in the United States for years before he was detained by ICE during a traffic stop. 180 F.4th at 1232–33. The Tenth Circuit reasoned that the *Santillan Quiroz* petitioner and those similarly situated to him, i.e. "those who entered the United States without admission and who have lived here since," "are categorically unable to seek admission while they remain in the country." *Id.* at 1239. After all, "[a] person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* Thus, the Tenth Circuit concluded that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.*; *see also id.* ("Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border."). Because the petitioner in *Santillan*

*Quiroz* had been residing in the United States for years before he was detained, he was not seeking admission and could not be detained under § 1225. *Id.* Instead, the petitioner was subject to detention under § 1226(a). *Id.* at 1251 n.13; *see also id.* at 1237 (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)").

The analysis and holding in *Santillan Quiroz* controls this case. Mr. Parada Ramos had been residing in the United States for years when he was detained. His detention is therefore governed by § 1226(a). And because Petitioner has not been provided the bond hearing required by statute, his continued detention without a bond hearing violates § 1226(a). *See, e.g.*, *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025); *see also Santillan Quiroz*, 180 F.4th at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

For the reasons set forth above, the Petition is **GRANTED** with respect to Petitioner's first claim, violation of 8 U.S.C. § 1226(a). The Court need not address Petitioner's other claims.

## III. Appropriate Remedy

Petitioner asks the Court to order his immediate release. [Doc. 1 at 22]. In the alternative, he asks the Court to order Respondents to provide him a bond hearing at which the Government bears the burden of justifying his continued detention by clear and convincing evidence. [*Id.*]. Respondents "submit that if the Court does grant the Petition,

the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [Doc. 8 at 2 (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13)]. Respondents do not address Petitioner's arguments about the appropriate burden. *See* [*id.*].

The Court finds it appropriate to order a bond hearing, rather than immediate release. Section 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025); *see also Santillan Quiroz*, 180 F.4th at 1251 n.13 (instructing the district court on remand only to order the Government to provide the petitioner with a bond hearing or else release him). This Court has previously held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a). *See, e.g.*, *Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026).

Following the weight of authority in this District, the Court has previously required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225. *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026); *see also, e.g.*, *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting

7

cases)).  *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to place burden on the Government in a similar case). The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well."  *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases).

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **August 12, 2026**.  At the bond hearing, the Government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence.  **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.**  On or before **August 19, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.[2]

---

[2] Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. [Doc. 1 at 23]; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025).  But this District's Local Rules require that those requests be made by separate motion.  *See* D.C.Colo.LCivR 54.3.  A fee award is thus inappropriate at this juncture.

Further, because Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion for TRO") seeks substantially the same relief as the relief the Court grants as to the Petition, *see* [Doc. 4 at 37–39], the Motion for TRO is respectfully **DENIED as moot**, *see Loa Caballero*, 2025 WL 2977650, at *9 (denying motion for temporary restraining order as moot after granting petitioner "identical" relief on the merits).

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1)    The Verified Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED in part**;

(2)    Respondents shall provide Petitioner a bond hearing no later than **August 12, 2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention;

(3)    Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction is **DENIED as moot**; and

(4)    On or before **August 19, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED:  August 5, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

9